UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA,<br><br>    Plaintiff,<br><br>    v.<br><br>K.W., et al.,<br><br>    Defendants. | No. 2:21-cv-806-TLN-KJN PS<br><br><u>FINDINGS AND RECOMMENDATIONS TO REMAND</u> |

    This is a case originally filed by the State of California in El Dorado County Superior Court as a Juvenile Wardship Petition against K.W., a minor. (<u>See</u> ECF No. 1 at 8-12, citing Cal. Welf. & Inst. Code § 602.) According to the state's complaint, K.W. was charged with violations of Cal. Penal Code Section 69 for "Resisting Executive Officer" and Section 243(b) for "Battery Upon a Peace Officer." (<u>Id.</u> at 10.) Defendant's mother, Jennette Waldow, proceeding pro se, filed removal papers in K.W.'s proceedings and requested permission to proceed in forma pauperis.[1] (ECF Nos. 1, 2.)

    The undersigned recommends the case be remanded to the El Dorado County Superior Court, as Waldow lacks standing and subject matter jurisdiction is lacking. Because of this suggested remand, the undersigned also recommends the motion to proceed in forma pauperis be

---

[1] This matter is referred to the undersigned pursuant to Local Rule 302(c)(21) for the entry of findings and recommendations. <u>See</u> 28 U.S.C. § 636(b)(1)(B).

1

denied as moot.

**Legal Standard – Removal and Remand**

State-court defendants may remove criminal prosecutions under 28 U.S.C. Section 1455 under limited circumstances. "[Section] 1455 is merely a procedural mechanism for removal of a criminal case; the jurisdictional bases for removal of criminal actions are set forth in 28 U.S.C. [Sections] 1442, 1442(a) and 1443." California v. Conners, 2017 WL 1380404, at *2 (C.D. Cal. Apr. 12, 2017). "Section 1442 only applies to criminal prosecutions in which the defendant is the United States or an agency or officer of the United States." California v. Boyd, 2017 WL 6049181, at *1 (N.D. Cal. Apr. 11, 2017). Under Section 1443, a defendant may remove a criminal prosecution to federal court if she seeks to—and, because of state law, cannot—assert a defense to the prosecution based on federal laws protecting equal civil rights." Connors, 2017 WL1380404, at *2 (citing Patel v. Del Taco, Inc., 446 F.3d 996, 998–99 (9th Cir. 2006)).

To remove under Section 1443(1), the defendant must satisfy a two-part test. See Langrock v. California, 2017 WL 729548, at *2 (C.D. Cal. Feb. 24, 2017). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" Johnson v. Mississippi, 421 U.S. 213, 219 (1975) (quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966)). "Second, it must appear the removal petitioner is 'denied or cannot enforce' the specific federal rights 'in the courts of [the] State.'" Id. (citing Georgia, 384 U.S. at 803). This removal right "is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." City of Greenwood v. Peacock, 384 U.S. 808, 827-28 (1966). Claims that a state prosecution will violate rights secured under constitutional or statutory provisions of general applicability, or under statutes that do not protect against racial discrimination, do not allow a defendant to remove to federal court. See Johnson, 421 U.S. at 219; see also Boyd, 2017 WL 6049181, at *2 ("It is not enough to allege that a defendant's federal civil rights have been denied by corrupt state administrative officials . . ., that the charges

are false, or even that defendant is unable to secure a fair trial in a particular state court, because it is expected that the state trial will protect defendant's rights.").

When a defendant moves to remove a state-court prosecution, the court must review the filing, and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4); see also Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994) (federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution or by statute); Scholastic Entertainment, Inc. v. Fox Entertainment Group, Inc., 336 F.3d 982, 985 (9th Cir. 2003) (noting the court's inherent duty to examine its own subject matter jurisdiction and duty to remand a case summarily where there is an obvious jurisdictional defect).

**Analysis**

Here, the court notes multiple issues with the removal of this case. It appears from the exhibits that the defendant in the state-court case, K.W., a minor, did not file the notice of removal; rather, it was filed by K.W.'s mother, Jenette Hardin Waldow. (ECF No. 1.) Neither party is represented by a licensed attorney, and though Ms. Waldow asserts she is K.W.'s "most trusted counsel," this cannot satisfy the court's rules on representation of minors. Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) ("A parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer."). Thus, any actions purportedly taken by Ms. Waldow on behalf of K.W. should be rejected for lack of Article III standing. See Id. at 876 (treating a non-attorney's attempt to represent a minor as an issue of standing). Even assuming K.W. could retain licensed counsel, the removal notice fails on multiple grounds.

The court notes it is not entirely clear what grounds are relied upon for removal, as the notice is filled with conclusory and frivolous statements about many irrelevant matters. (See ECF No. 1 at 2-5.) This leaves some doubt as to whether the court has subject matter jurisdiction over the case. See Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996) (noting the removal statute "is strictly construed and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance"); see also California ex rel Lockyer v. Dynegy, Inc., 375 F.3d

831, 838 (9th Cir. 2004) (a defendant seeking removal of an action to federal court has the burden of establishing the grounds for federal jurisdiction). Liberally construing this as an action procedurally removed under Section 1455, the court then turns to the potential substantive bases for removal to examine its subject matter jurisdiction.

First, it is clear that K.W. could not remove under Section 1442, as she is not an officer of the United States. See Boyd, 2017 WL 6049181, at *1 (liberally construing notice of removal, Section 1442 did not provide a basis for removal as defendant was "a private individual").

As for Section 1443, the core argument raised in the notice appears to be that there are "multiple structural jurisdictional defects in the jurisdiction of the [Superior] court." (ECF No. 1 at 2.) Most of the notice's substantive arguments are merely a collection of conclusory and frivolous statements. (See Id. at 2-5 (citing to the Federal Rules of Criminal Procedure, sections of the Code of Federal Regulations defining terms for the Department of the Treasury, the Uniform Interstate Family Support Act and Uniform Child Custody Jurisdiction and Enforcement Act, the 10th Amendment to the U.S. Constitution, the Hague Treaty, and laws governing taxation of domestic and foreign organizations).) None of these statements appear to be based on issues of racial equality, nor do they suggest the existence of a "pervasive and explicit state or federal law" preventing K.W.'s assertion of her civil rights in the Superior Court proceedings. Greenwood, 384 U.S. at 827-28 (leaving arguments about federal rights to the state court "except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law those rights will inevitably be denied"). The notice makes generalized citations to the right to due process and right to be informed of the nature and cause of the accusation, but these appear to go (if at all) to a defense or counterclaim to the charges at issue. See, e.g., California v. Weldon, 1:16-cv-1729-LJO-SAB, 2016 WL 6875807, *2 (E.D. Cal. Nov. 21, 2016) (liberally construing notice of removal under Section 1455 by pro se defendant, but finding invocation of Fourteenth Amendment due process protection did not salvage the removal because "[a]n anticipated or actual federal counterclaim or defense is not sufficient to confer federal question") (citing Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) and Younger v. Harris, 401 U.S. 37, 43 (1971) ("longstanding public policy against federal court interference

with state court proceedings")); see also Patel, 446 F.3d at 999 (noting removal under Section 1443 would be proper where defendant seeks to assert a defense that is prohibited by state law).

Accordingly, even assuming K.W. could correct for the representation-of-counsel issue, as well as any procedural defects with the notice of removal, the notice fails to show that the state-court criminal proceeding is removable under Sections 1442 or 1443. Greenwood, 384 U.S. at 832 (1966). The undersigned thus recommends this case be remanded to the Superior Court for further proceedings, and plaintiff's IFP motion be denied as moot. See Flam v. Flam, 788 F.3d 1043, 1047 (9th Cir. 2015) (noting issues of remand are 'dispositive'); Tripati v. Rison, 847 F.2d 548, 548-49 (9th Cir. 1988) (denial of IFP motion is 'dispositive').

## RECOMMENDATIONS

For the reasons stated above, it is HEREBY RECOMMENDED that:

1. This case be REMANDED to the Superior Court of the State of California, County of El Dorado; and
2. Defendant's motion to proceed in forma pauperis (ECF Nos. 2) be DENIED AS MOOT.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, defendants may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Defendants are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: May 21, 2021

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

John.0614

5